# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO N., | 1:12-cv-00575-LJO-BAM (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE OF HABEAS CORPUS PROCEEDINGS |
| v. | |
| | [ECF No. 22] |
| MATTHEW CATE, et.al., | |
| Respondents. | |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On October 5, 2009, the Fresno County Superior Court declared Petitioner a ward of the court and placed him in the California Department of Corrections and Rehabilitation, Division of Juvenile Justice for three counts of assault with a firearm (Cal. Penal Code § 245(a)(2))[1] with enhancements for personal use of a firearm (§ 12022.5(a)) and personal infliction of great bodily injury (§ 12022.7(a)).  The court found the aggregate maximum confinement time to be seventeen years.

On November 3, 2010, the California Court of Appeal, Fifth Appellate District affirmed the judgment.  (Opp'n, Ex. A.)

On April 9, 2012, Petitioner filed a petition for writ of habeas corpus in the Fresno

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

County Superior Court.  The petition was denied in a reasoned opinion on June 25, 2012.  (Opp'n, Exs. B & C.)

Petitioner filed the instant federal petition for writ of habeas corpus on April 10, 2012 and requests the Court hold these proceedings in abeyance pending exhaustion of state court remedies.  (Pet. at 9-18.)  The Court directed Respondent to file a response to Petitioner's request to stay the proceedings, and Respondent filed a timely response on November 6, 2012.  Petitioner filed a reply on February 7, 2013.

**DISCUSSION**

There are two different procedures to hold a petition in abeyance in federal court.  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.  The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 278.  The Ninth Circuit has held that the Rhines "good cause" standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims.  See Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005).

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

Petitioner acknowledges the availability to seek a stay under Kelly, however, he seeks a stay under Kelly only if the motion to stay under Rhines is denied.

In his direct appeal, Petitioner raised the following two claims: (1) sufficiency of the evidence and (2) ineffective assistance of counsel. (Opp'n, Ex. A.) The claims were denied on the merits by the state court.

In the instant federal petition, Petitioner raises the following three claims: (1) "The state court adjudication resulted in a decision contrary to clearly established principles of federal law as established by the United States Supreme Court and therefore petitioner is justified in seeking relief under the applicable AEDPA standards"; (2) "The evidence presented at the adjudication was insufficient to support the judgment and therefore violates petitioner's right to due process of law"; and (3) "Petitioner was denied his constitutional right to effective assistance of counsel due to defense counsel's failure to subject the prosecution's case to meaningful adversarial testing which would have demonstrated the insufficiency of the evidence thereby denying petitioner's right to due process of law." (Pet. at 9-24.)

In his state habeas corpus petition filed on April 19, 2012, Petitioner claimed ineffective assistance of counsel based on several different grounds. (Opp'n, Ex. B.) The California Superior Court, Fresno County, denied the petition on the merits. The court found that Petitioner raised two claims: (1) sufficiency of the evidence and (2) ineffective assistance of counsel. (Opp'n, Ex. C.) The court concluded the sufficiency of the evidence claim was not a proper issue for consideration in a petition for writ of habeas corpus. Id. The court then analyzed the following five claims of ineffective assistance of counsel: (1) counsel failed to interview Petitioner's cousin, Jacob, and call him as a witness; (2) counsel failed to interview Petitioner's friend, Ericka Terry, and call her as a witness; (3) counsel failed to investigate the sobriety of the victims; (4) counsel and/or the defense investigator failed to investigate whether Daisy could have actually seen a shadow of a person standing behind her Lexus; and (5) counsel failed to investigate whether the shooting could have actually occurred as it was described to have occurred by the victims. (Opp'n, Ex. C at 2-7.) The court found all of the claims to be without merit and the petition was denied. Id.

Petitioner indicates that he intends to file a petition for writ of habeas corpus in the California Supreme Court within a few months. Petitioner argues there is good cause for failing

to exhaust his new unexhausted claims because habeas counsel conducted interviews and began an investigation to determine whether a petition for writ of habeas corpus would be meritorious. Habeas counsel declares that he "learned of important witnesses that could corroborate Petitioner's alibi defense." (Pet. at 9.) Counsel claims the investigation took longer than anticipated because of the "transient nature" of some of the potential witnesses and failure to locate some of these witnesses. Id. Counsel also indicates that the investigation was delayed, in part, due to the "lack of cooperation on the part of trial counsel and the law enforcement entities involved." (Pet. at 10.)

Petitioner submits "[t]he claims raised in the instant Petition were not contained in the trial record, and therefore could not be raised through direct Appeal." He also indicates that the "Habeas investigation has, as yet, failed to locate crucial witnesses that, it is believed, will corroborate Petitioner's alibi defense." Pet. at 11. Petitioner has filed the instant petition to preserve the federal deadline, and it will be amended "if and when the required information becomes available." Id.

Petitioner's conviction was affirmed November 3, 2010. The California Supreme Court denied review on January 12, 2011. (Pet. Ex. A.) Petitioner's conviction became final ninety days later, on April 12, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on April 13, 2011, and absent tolling, Petitioner's last day to file ran on April 11, 2012.[2] Petitioner indicates the instant petition for writ of habeas corpus filed on April 10, 2012, was filed to preserve the federal deadline. Therefore, the instant petition appears to be timely filed.

The Court finds good cause based on the fact that following the conclusion of direct appeal, habeas counsel began an investigation into whether there were any claims that could be raised by way of a state petition for writ of habeas corpus. Petitioner's counsel retained a private investigator who evaluated and investigated the initial defense investigation and procedures and

---

[2] Because the filing was done by counsel, the mailbox rule does not apply. See Houston v. Lack, 487 U.S. 266, 275-276 (1988) (pro se petitioner filing is dated from the date prisoner delivers it to prison authorities).

4

determined the defense file was incomplete and several key items were not discovered that may have proved to be crucial in Petitioner's defense. The fact that Petitioner has already filed his petition in the Fresno County Superior presenting his newly discovered claims weighs towards supporting AEDPA's objective of encouraging finality and does not undermine AEDPA's goal of streamlining federal habeas proceedings. Based on habeas counsel's investigation as reflected in the investigator's declaration, the Court finds that good cause exists for Petitioner's failure to exhaust the ineffective assistance of counsel claims and there is no indication that Petitioner has engaged in "abusive litigation tactics or intentional delay."

The Court must next determine whether the claims Petitioner is seeking to exhaust are not "plainly meritless." Rhines, 544 U.S. at 277-278. Here, Petitioner has exhausted several claims of ineffective assistance in the Fresno County Superior Court and indicates that he intends to file a petition in the California Supreme Court within the next few months. The claims are primarily based on the fact that trial counsel failed to investigate and discover several pieces of key evidence which could have supported Petitioner's defense at trial. Although the Court expresses no opinion whatsoever as the ultimate merit determination of the unexhausted claims, the Court cannot, at this juncture, find the claims to be "plainly meritless."

Rhines does not indicate, or imply, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" standard. In fact, a Rhines stay would be more appropriate in an instance where only one of the unexhausted claims meets the Rhines requirements and has potential merit, versus an instance where all of the unexhausted claims meet the Rhines requirement, but none of them are potentially meritorious. Thus, if a stay is warranted as to any claim in the petition, there is no need to conduct a further claim-by-claim analysis.

However, Petitioner is advised that this Court cannot and will not hold the petition in abeyance indefinitely. Rather, Petitioner must proceed through the state courts in a diligent manner. Rhines, 544 U.S. at 277. Petitioner must inform the Court no later than thirty (30) days

after the date of service of this order of the status of the state petition.[3]  Further, Petitioner must file a new status report every thirty (30) days thereafter as to the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to notify the Court that he has fully exhausted the unexhausted claims.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this Order advising the Court of the status of his state court petitions;

4. Petitioner is DIRECTED to file a new status report every thirty (30) days thereafter; and

5. Should Petitioner be denied relief by the California Supreme Court, he will be ALLOWED thirty (30) days time following the final order of the California Supreme Court in which to file a motion to lift the stay and proceed on the initial petition.  Failure to comply with these time deadlines will result in vacating the stay *nunc pro tunc* to the date of this Order.

IT IS SO ORDERED.

Dated:   February 21, 2013                         /s/  **Barbara A. McAuliffe**
                                                             UNITED STATES MAGISTRATE JUDGE

---

[3]The filing should be entitled "Status Report."